UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: | No. 13-11238 |
| TREATY ENERGY CORPORATION, | Section "B" |
| Debtor | Chapter 7 |

## MOTION TO DISMISS INVOLUNTARY PETITION

The Motion of Treaty Energy Corp., through undersigned counsel, files this Motion to Dismiss the Involuntary Petition filed in this proceeding on May 7, 2013 (Doc. 1) and Amended on May 9, 2013 (Doc. 4), as follows.

I.

The Debtor is a publicly traded stock corporation formed under the laws of the State of Nevada and maintains its business office at 201 St. Charles Avenue, Suite 2558, New Orleans, Louisiana, 70710.  There are approximately 8,000 stockholders, with approximately 1.2 billion shares outstanding.

II.

The six (6) Petitioning Creditors are David A. Hallin, a resident of Memphis Tennessee, Ronda Hyatt, a resident of Abilene, Texas, Jeffrey A. Morgan, a resident of North Pole, Alaska, Alexander Rasbury, a resident of Clyde, Texas, David McCourtney, a resident of Culver, Oregon, and Mack Maxcey, a resident of Voss, Texas.  The only Petitioning Creditor with telephonic connection is David A. Hallin, telephone number

901-747-3018. All of the other creditors have no contact information, other than their address listed on the Involuntary Petition. The Petition merely states the Nature of Claim allegedly held by each Petitioner, in four words or less, but is otherwise devoid of any facts to support the Nature of Claim and Amount of Claim listed by each petitioner.

III.

Section 303(b)(1) provides that an involuntary case is commenced by the filing by three or more entities, "each of which is either a <u>holder of a claim</u> that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount."

IV.

The petitioners have never done business with the Alleged Debtor. None of the petitioners have ever submitted an invoice to, made a demand for payment of, or sued the Alleged Debtor. The books and records of the Alleged Debtor do not reflect any indebtedness to any of the petitioners.

V.

Each of the petitioners is located outside of the State of Louisiana, of which one is a resident of the state of Alaska. Accordingly, damages caused to the Alleged Debtor by the petitioners' filing of the involuntary petition Sec. 303(i)(1)(2), are likely to be extremely difficult or impossible to recover from them.

VI.

None of the Petitioning Creditors hold a claim against the Alleged Debtor, as more fully shown hereinafter.

VII.

David A. Hallin and Ronda Hyatt assert a claim for attorney fees and fraud. This court has previously entered a Judgment against them which dismissed all their claims against the Alleged Debtor. David Hallin and Ronda Hyatt were some of the plaintiffs that filed a lawsuit on November 10, 2009 in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana against Ronald L. Blackburn and others, including Treaty Energy Corporation. This suit was removed to the United States District Court for the Eastern District for Louisiana and subsequently referred to the Bankruptcy Court for the Eastern District of Louisiana, bearing Adversary No. 10-1042. This lawsuit was consolidated for trial with Adversary No. 10-1043 and was tried over six (6) days, beginning on January 10, 2011 and ending on June 24, 2011. The Judgment entered by Jerry A. Brown, U.S. Bankruptcy Judge on May 29, 2012, found that Ronald Blackburn was personally liable on three (3) promissory notes, but otherwise, dismissed all other claims in Adversary Proceeding No. 10-1042. Accordingly, the claims of David A. Hallin and Ronda Hyatt as Petitioning Creditors should be deleted as their claim has previously been adjudicated against them.

VIII.

Jeffrey A. Morgan and David McCourtney assert a claim for securities fraud and forgery. They have never had any contractual relationship with the Alleged Debtor. They are merely stockholders of the Alleged Debtor and did not acquire their stock from the Alleged Debtor. It is not known from whom David McCourtney acquired his stock, but it was not from the Alleged Debtor. Jeffrey A. Morgan acquired his stock from

Treaty Petroleum, Inc. (not Treaty Energy Corp.) as a result of an agreement which he had with Treaty Petroleum, Inc., of which David Hallin was representing himself as the authorized officer of Treaty Petroleum, Inc.

IX.

Alexander Rasbury asserts a claim for an unpaid vendor invoice. The work performed by Alexander Rasbury was done for Treaty Drilling, L.L.C., and not the Alleged Debtor. According to representatives of Treaty Drilling, L.L.C., payment of the invoice has been withheld because of a bona fide dispute, namely that the work was done in an unsatisfactory manner and caused further expense to Treaty Drilling, L.L.C.

X.

Mack Maxcey asserts a claim for fraud and the illegal sale of a drilling rig, of which the rig is not identified. At no time whatsoever has the Alleged Debtor purchased a drilling rig from Mack Maxcey.

XI.

In order to be eligible to file an Involuntary Petition, the holder of a claim against an alleged debtor must <u>hold a claim</u> "that is not contingent as to liability or the subject of a bona fide dispute . . ." Sec. 303(b)(1). Even if the Petitioners held "claims" (as that term is broadly defined in Section 101(5), which they do not, the <u>claims</u> would be <u>disputed claims</u>. Accordingly, under any scenario, the Petitioners were not eligible to file an Involuntary Petition against the Alleged Debtor. On that basis alone, an immediate dismissal of the voluntary petition is proper, appropriate and necessary.

XII.

The Alleged Debtor is a small development stage oil and gas exploration company, which is currently engaged in development projects in west Texas, where the Alleged Debtor has drilled two new commercially viable wells that will provide a substantial revenue stream to the company, as well as in the country of Belize.

XIII.

As a development stage company, debtor relies heavily on the support of various financial partners. In order to proceed with the future development plans, the Alleged Debtor needs the ability to raise both debt and equity. Current partners with the Alleged Debtor have committed an additional $1,700,000.00 towards additional drilling in west Texas and Belize. The pending Involuntary Petition has put a tremendous strain on this partnership and will not allow the Alleged Debtor to proceed until there is some resolution of this case. The Alleged Debtor has spent in excess of $2,000,000.00 in Belize and has drilled two (2) exploratory wells, and is in the process of drilling a third well.

XIV.

The Involuntary Petition is a detriment to the alleged debtor's partnership with Princess Petroleum and will violate some of the covenants in the agreements with Princess Petroleum. Since the filing of this Involuntary Petition, the publicly traded stock continues to deteriorate with the resulting decline of price and volume hampering the alleged debtor's ability to raise capital.

XV.

In order to avoid the imminent destruction of a valuable business, the loss of the jobs of the Alleged Debtor's employees, the unnecessary and inappropriate harm that will be imposed upon the Alleged Debtor's financiers, suppliers, customers and other parties and that deal with the Alleged Debtor on a daily basis, all as a result of the improper involuntary bankruptcy petition being filed, the Alleged Debtor respectfully requests that, on an emergency basis, the court dismiss this involuntary chapter 11 case.

XVI.

The filing of a an involuntary bankruptcy petition is a drastic remedy, having immediate and harmful results effecting not only the alleged debtor, but the 8,000 stockholders, holding 1.2 billion shares, all of whom will suffer a diminution of the value of their investment or complete loss thereof. The dismissal of this involuntary petition is warranted since the Petitioning Creditors have failed to show their claims were not the subject of bona fide disputes. Furthermore, the dismissal of this involuntary petition is proper since the petitioning creditors are using the bankruptcy process in bad faith and "solely for the purpose of moving state court litigation to the bankruptcy forum.

XVII.

Based on a dismissal of this involuntary petition, the Alleged Debtor hereby asserts a claim against the petitioning creditors for costs, a reasonable attorneys fee, damages sustained by the alleged debtor and punitive damages, all of which will be asserted following the dismissal of the involuntary petition.

WHEREFORE, for the reasons set forth above and in the attached Declaration, and based on any other evidence and argument that the court might consider, the alleged debtor respectfully requests (1) that the Court dismiss the involuntary petition pending in this case and (2) that the claim of the Alleged Debtor for damages against the petitioning creditors be reserved.

/s/Thomas E. Schafer, III
THOMAS E. SCHAFER, III, #11755
328 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 522-0203
Attorney for Treaty Energy Corp.

## DECLARATION

I, Andrew Reid, declare:

1. I have personal knowledge of the facts stated in the foregoing Motion to Dismiss and I can testify that said facts are true and correct.

2. I am the CEO/Chairman of Treaty Energy Corporation.

I declare under penalty of perjury that the foregoing is true and correct.

New Orleans, Louisiana, this 31st day of May, 2013.

/s/Andrew Reid
Andrew Reid