UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

In Re:                                                                            No. 13-11238

TREATY ENERGY CORPORATION,                       Section " B "

                Debtor                                                Chapter 7

**MOTION FOR ORDER AWARDING COSTS, ATTORNEY'S FEES, COMPENSATORY DAMAGES, AND PUNITIVE DAMAGES IN FAVOR OF TREATY ENERGY CORPORATION AND AGAINST PETITIONING ALLEGED CREDITORS AND THEIR COUNSEL**

The Motion of Treaty Energy Corp., (hereinafter referred to "TECO"), alleged debtor, through undersigned counsel of record, respectfully represents:

I.

On May 7, 2013, David A. Hallin, (hereinafter referred to "Hallin"), Ronda Hyatt, (hereinafter referred to as "Hyatt"), Jefferey A. Morgan, (hereinafter referred to as "Morgan"), Alexander Rasbury, (hereinafter referred to as "Rasbury"), David McCourtney (hereinafter referred to as "McCourtney"), and Mack Maxcey, (hereinafter referred to as "Maxcey") filed an Involuntary Petition that an Order for Relief under Chapter 7 be entered against the alleged debtor, TECO, under 11 U.S.C. §303. On May 9, 2013, the same Petitioning Creditors filed on Amended Petition whereby they listed their allegations, which were previously omitted.

II.

The aforesaid Petition and Amended Petition was signed by each of the aforesaid Petitioners (hereinafter referred to as "Petitioning Creditors") under penalty of perjury that the allegations therein are true and correct, namely that "Petitioner(s) are eligible to

file this Petition pursuant to 11 U.S.C. §303(b)" and "The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount."  This was subsequently determined to be false.

III.

The nature of each claim and amount of claim held by each Petitioning Creditor was listed as follows:

| Name | Nature of Claim | Amount of Claim |
|---|---|---|
| David A. Hallin | Attorney Fees<br>Fraud | $    412,000.00 |
| Ronda Hyatt | Attorney Fees (Above)<br>Vendor Fees - Fraud | $    188,162.12 |
| Jefferey A. Morgan | Securities Fraud<br>Forgery | $    492,897.64 |
| Alexander Rasbury | Unpaid Vendor Invoice | $        7,500.00 |
| David McCourtney | Fraud related to Treaty Energy stock | $      35,617.00 |
| Mack Maxcey | Fraud, illegal sale of Drilling rig | $ 1,000,000.00 |

IV.

As will be shown hereinafter, none of the creditors presented proof to the court that he/she held a debt that was not contingent as to liability or subject to a bona fide dispute as to liability or amount.

V.

Involuntary bankruptcy is an extreme remedy which imposes dire consequences upon a business enterprise.  As a result of the improper filing of the involuntary

2

bankruptcy petition by the Petitioning Creditors, TECO suffered devastating damages, which will be itemized hereinafter.

VI.

The improper involuntary petition presented by the Petitioning Creditors and their counsel, the papers they filed in response to TECO's Motion to Dismiss the Involuntary Petition, the arguments they presented at the hearing on TECO's Motion to Dismiss the Involuntary Petition all demonstrate that the clear and basic requirements for the Entry for an Order for Relief did not exist in this case.

VII.

TECO is a small capital stock company, whose stock is trading over-the counter. It's stock is routinely bought and sold by investors. When TECO needs investment dollars for a particular project or projects, a solicitation is made to an investor pool to purchase restrictive shares of capital stock at a 40% discount. At the time of filing the involuntary petition on May 7, 2013, TECO had made a solicitation for investment dollars in order to (1) transition to a new revenue model from drilling marginal wells to drilling new wells, and (2) to resolve issues which had arisen in the completion of the San-Juan well no. 3 in Belize.

VIII.

The filing of the Involuntary Petition had an immediate and devastating negative impact on raising the necessary capital. Investors were not willing to purchase stock in TECO when their investment would be a total loss through a bankruptcy proceeding. In order to stimulate an interest in the purchase of the afore described restrictive shares of

capital stock, TECO was compelled to sell said stock at a discount far greater than 40%, which resulted in the financial loss more fully described hereinafter.

IX.

Within 24 hours of having been notified of the filing of the Involuntary Petition, TECO retained bankruptcy counsel to represent it in connection with the Involuntary Petition. In order to help TECO avoid the destruction of its business, it was imperative that counsel take immediate action in response to the Involuntary Petition.

X.

Counsel and a representative of TECO met to review the Involuntary Petition filed on May 7, 2013 and the Amended Petition, which was filed on May 9, 2013. It became apparent from a review of the allegations made in the Petition and Amended Petition, and the Nature of Claim asserted by each individual Petitioning Creditor, that the Involuntary Petition was designed to extort payment for unsupported claims and the proper jurisdiction for all alleged claims was in state court.

XI.

Based on extensive emergency services rendered by counsel on an expedited basis, counsel for TECO filed a Motion to Dismiss Involuntary Petition on May 31, 2013, and filed an Ex Parte Motion for Order Setting Emergency Hearing or Shortening Time for Hearing on Alleged Debtor's Emergency Motion to Dismiss Involuntary Petition, also on May 31, 2013.

XII.

TECO had never done business with the Petitioners, had not purchased goods or services from the Petitioners, had never received an invoice from the Petitioners, none of

the Petitioners ever made a demand on TECO for payment, the books and records of TECO do not reflect any indebtedness owed to Petitioners, and TECO had never been sued by the Petitioners for their listed claims.

XIII.

The filing of the Involuntary Petition by the Petitioners posed an immediate, serious and irreparable threat to TECO's ability to continue to operate its business. As a result of the improper Involuntary Petition filed by the Petitioners, TECO's continued business operations, the welfare of its employees, its reputation, its essential relationship with its shareholders, suppliers, vendors and financiers were in severe jeopardy. Further, as a result of the improper Involuntary Petition filed by the Petitioners, the approximately eight thousand stockholders were faced with the possible loss of their entire investment in the event that TECO cannot recover from the interruption of its business.

XIV.

The hearing on the Motion of TECO to Dismiss the Involuntary Petition was held on June 12, 2013. 11 U.S.C. §303(b)(i) requires that a Petitioning Creditor must first establish a prima facie case that it is a holder of a claim that is not contingent as to liability or is not the subject of a bona fide dispute as to liability or amount. See *In Re Rimell*, 946 F.2d 1363 (8th Cir. 1991). Only two of the Petitioning Creditors appeared to testify at the hearing, namely Hallin and Morgan. Only Hallin testified at the hearing and Morgan declined to testify when he was given the opportunity at the conclusion of the testimony by Hallin. At the conclusion of the trial, this Court dismissed the Involuntary Petition. The Order, dated June 12, 2013, has not been appealed.

XV.

On June 6, 2013, Reginald J. Laurent filed a Motion to Enroll as counsel for the Petitioning Creditors, which motion was granted by Order, dated June 10, 2013. Following his appointment as counsel to represent the Petitioning Creditors, Reginald J. Laurent filed pleadings on behalf of the Petitioning Creditors and represented them in the hearing on the Motion of TECO to Dismiss the Involuntary Petition.

XVI.

A suit was filed in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, in 2010. The plaintiffs in that included Hallin and Hyatt, among others. The defendants in that case included TECO, among others. The case was subsequently removed to the U.S. Bankruptcy Court for the Eastern District of Louisiana and was assigned adversary proceeding no. 10-1042. The hearing of that case was held over a six-day period of time before this court, which resulted in the dismissal of all claims, including monetary and fraud, which Hallin and Hyatt asserted against TECO. Counsel representing Hallin, Hyatt and others in that adversary proceeding was Reginald J. Laurent.

XVII.

Both Hallin and Hyatt were well aware of the Judgment entered by this court in Adversary No. 10-1042 that all claims which they asserted against TECO and others were dismissed, at the time they signed the Involuntary Petition under Chapter 7.

XVIII.

Accordingly, Hallin and Hyatt did not hold a claim against TECO, which is required pursuant to 11 U.S.C. §303(b)(i). Moreover, any claim which they may have had was subject to a bona fide dispute.

XIX.

As the court found in this case, none of the Petitioning Creditors held a claim which would justify their filing an Involuntary Petition pursuant to 11 U.S.C. §303(b)(i). The filing of this Petition by Hyatt, Rasbury, McCourtney and Maxcey, was nothing more than an assassination of the debtor-in-absentia, which imposed dire consequences on TECO and resulted in devastating damages, all of which is evidence of bad faith. The representation of the Petitioning Creditors by Reginald J. Laurent also constitutes bad faith since he knew that, prior to his representation of Hallin and Hyatt in this proceeding, that they had no claim against TECO which satisfied the requirements of U.S.C. §303(b)(i), and upon information and belief, he did not consult with Morgan, Rasbury, McCourtney, or Maxcey, regarding the validity of their claim prior to representing them in this proceeding, all of which is evidence of bad faith.

XX.

The Petitioning Creditors and their counsel have abused the Involuntary Bankruptcy process and the jurisdiction of the bankruptcy court. Under 11 U.S.C. §303 (i)(1) and (2), the award of costs, attorney fees, compensatory damages and punitive damages is warranted as a result of this abuse of process.

XXI.

Punitive damages are warranted because the Petitioning Creditors and their counsel have engaged in bad faith tactics by their improper use of the Bankruptcy Code and have abused this court's jurisdiction as a substitute for customary collection procedures. Petitioning Creditors and their counsel engaged in a scheme designed to extort funds from TECO by filing an improper Voluntary Petition that subjected TECO to immediate and substantial harm.

XXII.

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides an appropriate and complimentary basis for the imposition of an award of damages against the Petitioning Creditors and their counsel. Additionally, the imposition of sanctions against counsel for petitioners is further warranted under 28 U.S.C. §1927, 11 U.S.C. §105, and the Court's inherent power.

XXIII.

As further evidence of the bad faith of the Petitioning Creditors, one or more of them have posted, and are continuing to post on the internet, derogatory statements about the debtor and the debtor being in bankruptcy, all of which continues to reduce the funding that TECO would receive from the sale of restricted capital stock if such derogatory statements were not being posted.

XXIV.

In response to the filing of the Involuntary Petition, TECO was required to immediately retain expert bankruptcy counsel. Upon his retention, counsel for TECO was required to render urgent, extensive services in an effort to help TECO avoid the

total destruction of its business. The fee for services rendered by counsel to date is $41,733,75 and further services will be required in order to assert this claim. Further, costs incurred are minimal as of this date, but they will certainly increase as a result of proceeding further with depositions, preparation for trial and trial of this matter. All attorney's fees and costs incurred have been reasonable, necessary and appropriate under the circumstances.

XXV.

As a result of the Improper Voluntary Petition filed by the Petitioning Creditors, TECO, in order to provide necessary capital to maintain its business operations, was forced to sell restrictive shares of its capital stock for less than the 40% discount that it was previously offering. During the time period beginning May 9, 2013, two days after the Involuntary Petition was filed, and extending through June 12, 2013, the date on which the hearing to dismiss the Involuntary Petition was held and the Petition dismissed, TECO sold 84,557,360 shares for a total price of $384,571.26, thereby incurring a loss in value, considering the normal 40% discount, in the amount of $453,750.46.

XXVI.

The filing of the Involuntary Petition was immediately circulated by one or more of the Petitioning Creditors, all of which created immediate fear among the shareholders that their investment in TECO would be lost. This caused TECO to significantly increase its investor relations staff and resources in an attempt to allay the fears of those investors and to insure new investors that their investment of capital through the purchase of restrictive shares of capital stock would not be lost through the pending Involuntary

Chapter 7 Petition. The additional cost and expense incurred by TECO is approximately $50,000.00 and is continuing.

XXVII.

As the result of bad faith exhibited by the Petitioning Creditors, TECO respectively represents that punitive damages should be awarded in an amount no less than $200,000.00 in order to discourage the bad faith filing against TECO by either the Petitioning Creditors or any future entities that might be considering the same filing of a bad faith Involuntary Petition.

XXVIII.

By representing the Petitioning Creditors for an improper purpose and further knowing that the claims of the Petitioning Creditors were not warranted by existing law, counsel for the Petitioning Creditors has violated Rule 9011(b), which permits a court to impose an appropriate sanction, which, under Rule 9011(c)(2), shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct for others similarly situated. 11 U.S.C. §105(a) permits the bankruptcy court to take any action necessary or appropriate to prevent an abuse of process in the future.

WHEREFORE, after Notice and Hearing, TECO prays that Judgment be rendered in its favor, and against the Petitioning Creditors and counsel for the Petitioning Creditors, in the amounts recited hereinabove.

/s/Thomas E. Schafer, III
THOMAS E. SCHAFER, III, #11755
328 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 522-0203
Attorney for Treaty Energy Corp.

10