UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                      CASE NO. 13-11238

TREATY ENERGY CORPORATION                                SECTION "B"

    DEBTOR                                                              CHAPTER 7

## REASONS FOR ORDER

This matter came before the court on November 10, 2014 on the motion for partial summary judgment (P-128) filed by Rhonda Hyatt, Mack Maxcey, David McCourtney, Jeffrey A. Morgan and Alexander Rasbury (the petitioners other than Hallin), the motion for summary judgment (P-130) filed by David A. Hallin, and the motion to adopt and join Hallin's motion for summary judgment (P-135) filed by the petitioners other than Hallin.  At the hearing the court treated all of the motions as one motion, and for purposes of these reasons for order, will refer to all of the movants as the petitioning creditors.  The debtor's attorney did not file timely an objection to either of the motions, but on November 9, 2014 he filed a motion to allow a late filed response along with a document entitled response to motion for partial summary judgment (P-139), which the court granted.[1]  For the reasons set forth below, the court grants the motion for summary judgment and denies the motion for partial summary judgment as moot because the petitioners other than Hallin subsequently joined in and adopted Hallin's motion for summary

---

[1] Although the debtor's response stated that it was a response to motion for partial summary judgment, it was linked in the filing system to pleading 130 (the motion for summary judgment), not pleading 128 (the motion for partial summary judgment).  Additionally, the response primarily addresses the arguments set forth in Hallin's motion.  Although this is somewhat confusing, the court treated all of it taken together as a motion for summary judgment and an objection because that gave everyone concerned an opportunity to be heard on a motion that disposed of all the remaining claims in this case.

1

judgment.

I.     **Background Facts**

The motion for summary judgment seeks dismissal of the debtor's motion for an award of costs, attorney's fees, compensatory damages, and punitive damages (P-45) that the debtor filed against the petitioning creditors after the involuntary Chapter 7 petition was dismissed by this court. The section of the Bankruptcy Code at issue is 11 U.S.C. § 303(i), which states:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment–
>     (1) against the petitioners and in favor of the debtor for–
>         (A) costs; or
>         (B) a reasonable attorney's fee; or
>     (2) against any petitioner that filed the petition in bad faith, for–
>         (A) any damages proximately caused by such filing; or
>         (B) punitive damages.

The debtor alleged bad faith of the petitioning creditors and sought damages under all subsections of § 303(i), but directed most of its claims against Hallin.

After the debtor filed its motion, and the petitioning creditors filed their objection to the motion, the court held a pre-trial conference and set forth a scheduling order that established discovery deadlines, set a deadline for the filing of dispositive motions, and set a trial date of December 9, 2014 for the motion seeking damages and attorney's fees.[2] The deadline for the completion of discovery was September 17, 2014. On August 22, 2014 Hallin filed a motion to compel a response to outstanding discovery propounded to the debtor (P-106). That motion was heard on September 3, 2014 and in the order granting the motion, the court stated the following:

> IT IS FURTHER ORDERED that Treaty Energy Corporation shall be precluded

---

[2] (P-68).

> from using any evidence at trial or in depositions that is not produced in response to David Hallin's discovery requests on or before September 17, 2014, the discovery deadline set forth in the Scheduling Order entered by the Court on April 25, 2014 [Dkt. No. 68], if that evidence could have been produced in response to David Hallin's discovery requests with reasonable diligence by Treaty and it's (*sic*) counsel....[3]

At the hearing on the motion to compel, the court repeatedly warned the debtor's counsel that anything he did not produce to the petitioning creditors' counsel by September 17, 2014 would not be allowed as evidence at the trial on December 9, 2014.[4]

The debtor did not produce any more responses to the discovery requests after the September 3, 2014 hearing. After oral argument on the motion for summary judgment, the court granted the petitioning creditors' motion and dismissed all that remained of the debtor's motion for damages, fees and costs.

## II.   **Legal Analysis**

Section 303(i) states that after dismissal of an involuntary petition the court *may* grant judgment against a petitioning creditor. The court has considerable discretion in deciding to award fees and costs under §303(i)(1) and 303(i)(2).[5] Section 303(i)(2) requires that the petitioner have filed the petition for bankruptcy relief in bad faith as a condition for the recovery of both compensatory and punitive damages. The United States Fifth Circuit Court of Appeals has held that bad faith in the context of an involuntary petition is where a filing is "motivated by

---

[3] (P-123).

[4] *See generally* transcript of hearing held September 3, 2014 (P-127).

[5] 2 COLLIER ON BANKRUPTCY ¶ 303.33[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *Keiter v. Stracka*, 192 B.R. 150, 159 (S.D. Tex. 1996).

ill will, malice or for the purpose of embarrassing or harassing the debtor[s]."[6] Many courts have adopted a presumption that petitioners act in good faith when they file an involuntary petition, and it is the debtor's burden to overcome that presumption.[7] "In the absence of strong evidence that Petitioner acted willfully or wrongfully, the court cannot, need not and will not award [Petitioner] damages pursuant to section 303(i)(2)."[8] Courts have employed several approaches to determine whether petitioning creditors have acted in bad faith. Here, the court need not analyze the various tests because it finds that the debtor could not satisfy any of them. The debtor's failure to respond to discovery requests means that there are no documents that may be admitted, and the debtor's argument that it will be able to prove bad faith solely through the testimony of the petitioning creditors is not persuasive.

In both the response to the motion for summary judgment and at oral argument, the debtor's only argument for bad faith was that the petitioning creditors signed the petition, which the court later dismissed, and that the petitioning creditors' claims were not of the sort that is permitted by the Bankruptcy Code for purposes of filing an involuntary petition.[9] The court finds that even if taken as true, this would not be enough for the court to find bad faith. The debtor is precluded from putting on any evidence other than calling witnesses to prove bad faith

---

[6] *In re Sims,* 994 F.2d 210, 222 (5th Cir. 1993).

[7] *See, e.g., In re Bayshore Wire Products Corp.,* 209 F.3d 100, 105 (2nd Cir. 2000); *In re Kennedy,* 504 B.R. 815, 824 (Bankr. S.D. Miss. 2014); *Aigner v. McMillan*, 2013 WL 2445042 at *5 (Bankr. N.D. Tex. 2013).

[8] *McMillan*, 2013 WL 2445042 at *5.

[9] Additionally, the debtor's opposition to the motion for summary judgment did not include any statement of material facts as to which there exists a genuine issue to be tried, as required by local rule 7056-1(B).

because of its lack of timely discovery responses.  The debtor's counsel argued that he will show bad faith by putting David Hallin on the witness stand, but the court finds it highly unlikely that Mr. Hallin will testify that he filed the petition in bad faith, and the debtor's other arguments are not strong enough to overcome the presumption of good faith.  The court finds that the debtor would be unable to prove bad faith at trial, and grants the motion for summary judgment as to § 303(i)(2).

Section 303(i)(1) also leaves within the court's discretion whether to allow a debtor to recover attorney's fees and costs it incurred because of the filing of the involuntary petition.  If given evidence, the court was inclined to grant this part of the debtor's motion, but despite repeated warnings, the debtor has failed to furnish *any* information regarding the amount of attorney's fees or costs it may have incurred.  The debtor's objection to the motion for summary judgment instead suggested that the petitioning creditors had a responsibility to file a motion to compel the debtor's counsel to prepare invoices.  This is not the responsibility of the petitioning creditors.  If the debtor seeks to recover its cost and fees, then it must supply the court and the petitioning creditors information about how much those costs and fees might be.  The repeated delays by the debtor to provide this information leads the court to use its discretion to determine that the request for fees and costs is denied.

New Orleans, Louisiana, December 4, 2014.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge